ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **ACTSS LLC**<br><br>Demandante - Reconvenida<br><br>v.<br><br>**CBL REALTY, SE**<br><br>Recurrido<br><br>v.<br><br>**ALEXANDER CALIXTO TORRES, GIALIA COLÓN PÉREZ y la Sociedad Legal de Gananciales por ellos compuesta**<br><br>Peticionarios | TA2026CE00702 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2021CV02635**<br><br>Sobre: Cobro de Dinero; Incumplimiento Contractual y Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece ante nos el señor Alexander Calixto Torres (Sr. Calixto Torres) y la señora Gialia Colón Pérez (Sra. Colón Pérez) (en conjunto, matrimonio Calixto Colón o parte peticionaria), mediante un recurso de *certiorari.* Nos solicitan que revoquemos una *Orden* emitida, el 5 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Mediante dicho dictamen, el foro primario declaró Con Lugar las medidas cautelares solicitadas y le impuso a la parte peticionaria una serie de limitaciones y obligaciones respecto a sus bienes.[2]

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari.*

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Primera Instancia (TPI), Entrada Núm. 263. Notificada y archivada en autos el 5 de mayo de 2026.
[2] *Íd.*, Entrada Núm. 261.

**I.**

El presente caso tiene su génesis el 30 de abril de 2021, cuando ACTSS, LLC (ACTSS) presentó una *Demanda* de cobro de dinero, incumplimiento de contrato y daños y perjuicios contra CBL Realty, S.E. (CBL o parte recurrida).[3] En esencia, ACTSS adujo que acordó con CBL el arrendamiento de una propiedad comercial y para asegurar el cumplimiento de su obligación CBL requirió un depósito por la suma de $25,000.00. Añadió que, vencido el contrato entre las partes, CBL se negó a reembolsar el depósito de fianza prestado. En consecuencia, suplicó del foro primario ordenar a la parte recurrida cumplir con la obligación.

En respuesta, CBL presentó su *Contestación a Demanda, Reconvención y Demanda contra Tercero*.[4] En lo aquí pertinente, la demanda contra tercero fue dirigida contra el matrimonio Calixto Colón y la Sociedad Legal de Gananciales compuesta por ambos debido a que el contrato de arrendamiento comercial fue suscrito por la parte peticionaria como garantizadores solidarios.

Así las cosas, el 14 de noviembre de 2024, el TPI dictó *Sentencia* en la que condenó al matrimonio Calixto Colón, de forma solidaria, a satisfacer a CBL la suma de $128,078.15.[5] Posteriormente, y con el fin de satisfacer su acreencia, el 17 de diciembre de 2025, la parte recurrida presentó una *Moción Solicitando Ejecución de Sentencia*.[6]

El 13 de enero de 2026, CBL instó una *Moción Solicitando Orden* bajo *la Regla 51.4 de Procedimiento Civil y Otros Extremos*.[7] En suma, solicitó del foro primario expedir una citación para deponer al señor Calixto Torres, así como un requerimiento de

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 31.
[5] *Íd.*, Entrada Núm. 179. Notificada el 15 de noviembre de 2024.
[6] *Íd.*, Entrada Núm. 187.
[7] *Íd.*, Entrada Núm. 196.

producción de documentos. Lo antes, en aras de salvaguardar la ejecución de la sentencia.

Luego de múltiples incumplimientos de la parte peticionaria con las órdenes del foro adjudicador[8], el TPI requirió de la parte recurrida un proyecto de orden para la producción de documentos.[9]

En cumplimiento, el 4 de mayo de 2026, CBL presentó una *Moción Solicitando Medidas Cautelares bajo la Regla 56.1 de Procedimiento Civil.*[10] En suma, sostuvo que ha realizado múltiples gestiones dirigidas al cobro de la totalidad de la suma adeudada por el matrimonio Calixto Colón, las cuales han resultado infructuosas hasta la fecha. Alegó, además, que la parte peticionaria ha dilatado indebidamente los procedimientos judiciales mediante la presentación, por derecho propio, de mociones frívolas y temerarias, así como mediante la adopción de actuaciones encaminadas a obstaculizar la efectiva ejecución de la sentencia dictada en su contra. En particular, señaló que conforme surge de la *Moción en Cumplimiento de Orden para Mostrar Causa*[11], el Sr. Calixto Torres dejó de devengar ingresos salariales provenientes de ACTSS desde el 3 de octubre de 2025. Asimismo, expuso que el 13 de septiembre de 2024 la parte peticionaria enajenó un bien inmueble ubicado en la Urb. Paseo Los Corales II, en Dorado, PR, por la suma de setecientos mil dólares ($700,000.00).

En vista de lo anterior, el 5 de mayo de 2026, el foro primario emitió una *Orden.*[12] En su dictamen, el TPI determinó como sigue:

> Vista la Moción Solicitando Medidas Cautelares presentada por CBL Realty, S.E., se declara Con Lugar la misma y, en su consecuencia, se ordena a ACTSS, LLC, Alexander Calixto Torres y Gialia Colón Pérez, a que se abstengan de vender, regalar, ceder, arrendar o disponer de cualquiera otra forma, de los bienes

---

[8] El TPI ordenó a la parte peticionaria a comparecer mediante representación legal, luego de apercibirles por el uso de citaciones inexistentes y/o fabricadas que inducen a error al Tribunal.
[9] *Íd.*, Entrada Núm. 259.
[10] *Íd.*, Entrada Núm. 261.
[11] *Íd.*, Entrada Núm. 249.
[12] *Íd.*, Entrada Núm. 263.

muebles y/o inmuebles que le pertenecen, incluyendo, pero sin limitarse, a bienes inmuebles, cuentas bancarias y/o de inversión, cuadros y/o cualquier otro bien que les pertenezca, hasta tanto se cumpla con las órdenes de este Tribunal referente a la Moción Solicitando Orden bajo la Regla 51.4 de Procedimiento Civil y Otros Extremos [Doc. 196], y la Moción Solicitando Embargo de Salarios de Alexander Calixto Torres y Gialia Colón Pérez [Doc. 187].

Aun inconforme con la denegatoria de la petición de reconsideración, el 2 de mayo de 2026, el matrimonio Calixto Colón compareció ante este foro apelativo y le imputó al foro primario los siguientes señalamientos de error:

**PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER UN REMEDIO PROVISIONAL DE ASEGURAMIENTO DE ALCANCE TOTAL E INDISCRIMINADO SOBRE LA TOTALIDAD DE LOS BIENES EN LOS PETICIONARIOS - INCLUYENDO FONDOS DEPOSITADOS EN CUENTAS CONJUNTAS PERTENECIENTES A TERCEROS AJENOS A LA DEUDA- SIN LIMITAR LA MEDIDA A LO RAZONABLE Y ADECUADO PARA GARANTIZAR LA SUMA LÍQUIDA DE LA SENTENCIA, EN CONTRAVENCIÓN DE LA REGLA 56.1 DE PROCEDIMIENTO CIVIL, SEGÚN INTERPRETADA EN *BANCO BILBAO VAZCAYA V. LÓPEZ MONTES*, 168 DPR 700 (2006).**

**SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL FUNDAMENTAR LA ORDEN RECURRIDA EN EL CONOCIMIENTO JUDICIAL DE UNA REPRESENTACIÓN DE HECHO CONTROVERTIDA Y MATERIALMENTE REFUTABLE MEDIANTE UNA FUENTE PÚBLICA AUTORITATIVA (EL PORTAL CRIM CATASTRO DIGITAL), EN CONTRAVENCIÓN DE LA REGLA 201 DE EVIDENCIA, Y AL DENEGAR A LOS PETICIONARIOS LA OPORTUNIDAD DE SER OÍDOS QUE EXPRESAMENTE GARANTIZA LA REGLA 201(D).**

**TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADJUDICAR LA ORDEN RECURRIDA SIN ATENDER EL PATRÓN DOCUMENTADO DE REPRESENTACIONES MATERIALMENTE INEXACTAS DE LA PARTE RECURRIDA QUE INDUJERON A ERROR AL TRIBUNAL, INCLUYENDO A CONTRADICCIÓN ENTRE LA ENTRADA 61 Y LA ENTRADA 88, LA CONTRADICCIÓN ENTRE LA ENTRADA 261 Y EL RÉCORD REGISTRAL PÚBLICO, Y LAS INEXACTITUDES DE LA DECLARACIÓN JURADA DEL DILIGENCIANTE ANEJADA A LA SOLICITUD DE PRODUCCIÓN DE DOCUMENTOS DE LA PARTE RECURRIDA (ENTRADA 247, APÉNDICE, ANEXO IV-8, PÁG. 69).**

**CUARTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DISPENSAR UN TRACTO PROCESAL ASIMÉTRICO -RESOLVIENDO LAS MOCIONES DE LA PARTE RECURRIDA CON CELERIDAD Y RESULTADO FAVORABLE MIENTRAS REHUSABA ADJUDICAR LAS COMPARECENCIAS DE LOS PETICIONARIOS REMITIÉNDOLAS A LA RESOLUCIÓN E229- PRIVANDO A PERSONAS NATURALES QUE COMPARECEN POR DERECHO PROPIO EN SU CAPACIDAD PERSONAL DE SU DERECHO A SER OÍDAS, EN CONTRAVENCIÓN DE LA REGLA 9.4 DE PROCEDIMIENTO CIVIL Y DE LAS GARANTÍAS DEL DEBIDO PROCESO DE LEY.**

**QUINTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADJUDICAR LA ORDEN RECURRIDA DENTRO DE UN PATRÓN DE DETERMINACIONES CONCLUSORIAS CARENTES DE ANÁLISIS SUSTANTIVO, DOCUMENTADO EN EL PROPIO RÉCORD DEL CASO, LO QUE MINA LA CONFIABILIDAD DE LA DETERMINACIÓN RECURRIDA Y JUSTIFICA LA INTERVENCIÓN DE ESTE HONORABLE TRIBUNAL.[13]**

Junto con su recurso, interpuso una *Solicitud de Auxilio de Jurisdicción* en la que nos solicitó la paralización de los procedimientos ante el foro de instancia.[14]

El 3 de junio de 2026 emitimos y notificamos una *Resolución* en la que declaramos No Ha Lugar a la solicitud de auxilio de jurisdicción instada por el matrimonio Calixto Colón. Igualmente, ordenamos a la parte recurrida a presentar su memorando en oposición.[15]

Oportunamente, el 11 de junio de 2026 CBL presentó su *Moción en Cumplimiento de Orden y en Oposición a la Expedición del Auto de Certiorari.*[16]

Así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

---

[13] SUMAC TA, Entrada Núm. 1.
[14] *Íd.*, Entrada Núm. 2.
[15] *Íd.*, Entrada Núm. 3.
[16] *Íd.*, Entrada Núm. 4.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari. Allio v. Santiago Chardon,* 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Regla 52.1 de Procedimiento Civil, *supra.*

Según mencionado, la característica distintiva del recurso de *certiorari* se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos, ello implica la facultad de elegir entre diversas opciones. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto

de *certiorari*. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

### III.

En el presente recurso, la parte peticionaria sostiene que las medidas cautelares emitidas por el TPI inciden sobre bienes pertenecientes a terceros que no forman parte del pleito y que fueron dictadas a base de documentación inexacta. Asimismo, cuestiona la denegatoria, por entender que no se le brindó oportunidad adecuada para ser escuchada antes de la concesión de los remedios

cautelares, los cuales, según alega, fueron otorgados sin la presentación de prueba fehaciente que justificara su expedición.

Como ya vimos, en la determinación recurrida, el foro de instancia decidió que no correspondía reconsiderar los remedios provisionales que ordenó respecto a los bienes que posee la parte peticionaria en calidad de titular. En consecuencia, requirió la paralización de cualquier acto de disposición, gravamen o enajenación relacionada con dichos bienes, hasta tanto se cumplan con las órdenes emitidas al amparo de la Regla 51.4 de Procedimiento Civil, así como el embargo de los salarios correspondientes a la parte peticionaria.

No obstante, tras un análisis sosegado de la totalidad del expediente, así como de los argumentos planteados ante nos, colegimos que no se encuentran presentes los criterios por los cuales se justifique que expidamos el auto discrecional de *certiorari* e intervengamos con las determinaciones del foro de instancia.

En ese sentido, añadimos que no atisbamos pasión, prejuicio, error manifiesto o actuación arbitraria en el proceder del foro *a quo*, por lo que rechazamos expedir el auto de *certiorari* solicitado.

**IV.**

Por los fundamentos antes expuesto, denegamos la expedición del recurso de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones